UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUANE READE INC., DUANE READE HOLDINGS, INC. and DUANE READE SHAREHOLDERS, LLC,<br><br>           Petitioners,<br><br>v.<br><br>ANTHONY J. CUTI,<br><br>           Respondent. | 16 Civ. 4558 |

## PETITION TO CONFIRM AND ENTER
## JUDGMENT ON INTERIM ARBITRATION AWARD

Petitioners Duane Reade Inc., Duane Reade Holdings, Inc. and Duane Reade Shareholders, LLC (collectively, "Duane Reade" or the "Company"), by their attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, hereby petition this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, for an Order confirming an arbitration award rendered in their favor and against Respondent Anthony J. Cuti ("Cuti") in an arbitration entitled *Anthony J. Cuti v. Duane Reade Inc., et al.*, AAA Case No. 13 166 01988 06 (the "Arbitration").

### Introduction

1.      This is a petition to confirm an award (the "Repayment Award") rendered in the Arbitration, requiring Cuti, the former president and CEO of Petitioners Duane Reade Inc. and Duane Reade Holdings, Inc., to repay $8,251,783.98 (the "Government Defense Advances") advanced to him by Duane Reade for legal fees and expenses he incurred in his failed defense of a criminal investigation and prosecution, *United States v. Cuti*, No. 08 Cr. 972 (S.D.N.Y.), *aff'd*, 720 F.3d 453 (2d Cir. 2013), *cert. denied*, 135 S. Ct. 402 (2014) (the "Criminal Case"), and a civil case brought against him by the Securities Exchange Commission ("SEC"), *Securities and Exchange Commission v. Cuti*, No. 08 Civ. 8648 (S.D.N.Y.) (the "SEC Action"). (A copy of the Repayment Award is annexed to the accompanying Declaration of Jonathan J. Freedman, dated

June 16, 2016 ("Freedman Decl."), as Exhibit 1.) In the Criminal Case, Cuti was convicted of conspiracy, securities fraud and three counts of making false statements to the SEC, all in connection with fraudulent schemes he engaged in as president and CEO of Petitioners Duane Reade Inc. and Duane Reade Holdings, Inc. In the SEC Action, Cuti entered into a consent judgment that, among other things, bars him from serving as an officer or director of a public company.

2.   The Arbitration was conducted under the auspices of the American Arbitration Association (the "AAA") pursuant to a written arbitration agreement between and Duane Reade and Cuti. The Repayment Award was rendered on May 23, 2016, by Jacquelin F. Drucker, Esq. (the "Arbitrator), who was jointly selected by the parties to arbitrate their dispute.

3.   The Repayment Award was based on a previous finding that Cuti was liable to Duane Reade. On December 9, 2015, the Arbitrator entered an Order Regarding Collateral Estoppel, Counterclaims, and Indemnification and Advancement (Freedman Decl. Ex. 2), in which she ruled, among other things, that Cuti's conviction in the Criminal Case, which is final and not subject to any appeal, requires an award in Duane Reade's favor, as a matter of law, on its Fourth Counterclaim in the Arbitration, which sought repayment of the Government Defense Advances. As the Arbitrator concluded:

(a)   As a condition to receiving advancement of legal fees and expenses under his employment agreement, Cuti "had submitted written undertakings 'to repay [Respondents] all amounts advanced by [Respondents] to me pursuant to my demand for advancement to the extent that it shall be determined ultimately that I am not entitled to such indemnification.'" (Freedman Decl. Ex. 2 at 12.)

(b)   Cuti was not entitled to indemnification, because Delaware law, which governs this issue, permits indemnification only if the person to be indemnified "acted in

good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation, and with respect to any criminal action or proceeding, had no reasonable cause to believe the person's conduct was unlawful." (Freedman Ex. 2 at 12-13, quoting DGCL 145(a).)

4. Accordingly, the Arbitrator ordered that "Respondents' Fourth Counterclaim is granted as a matter of law, with the declaration that Respondents are released from any obligations under the Employment Agreement to provide Claimant with indemnification and advancement of attorney fees and expenses. Advancements made in the criminal proceeding and the SEC proceeding are to be repaid." (Freedman Decl. Ex. 2 at 15.)

5. The Arbitrator subsequently entered the Repayment Order, on an application by Duane Reade, after Cuti refused to comply with his repayment obligations pursuant to the Order Regarding Collateral Estoppel, Counterclaims, and Indemnification and Advancement. The Repayment Award provides: "Claimant [*i.e.*, Cuti] must repay the sums advanced pursuant to Paragraph 25 [of his employment agreement], and that Respondents [*i.e.*, Duane Reade] are awarded the sum stated in the following paragraph" – $8,251,783.98 – "which constitutes the amount owed by Claimant in repayment of advancements." (Freedman Decl. Ex. 1 at 9.)

6. As is set forth below, the Repayment Award finally and completely resolved Duane Reade's counterclaim for repayment of the Government Defense Advances, a claim that is separate and independent of the other claims and counterclaims in the still-pending Arbitration. As such, the Repayment Award, although denominated as "interim" in its title, is ripe for confirmation and entry of a judgment.

### The Parties

7. Petitioner Duane Reade Inc. is a Delaware corporation with its principal place of business in New York, New York.

8. Petitioner Duane Reade Holdings, Inc. is a Delaware corporation with its principal place of business in New York, New York.

9. Petitioner Duane Reade Shareholders, LLC is a Delaware limited liability company with its principal place of business in New York, New York.

10. Respondent Cuti is a natural person who, on information and belief, resides in the State of Florida.

### Jurisdiction and Venue

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12. Venue is proper in this judicial district pursuant to 9 U.S.C. § 9, because the Repayment Award was rendered in this judicial district.

### Background

13. From 1996 until November 2005, when his employment was terminated, Cuti was president and CEO of Petitioners Duane Reade Inc. and Duane Reade Holdings, Inc., which operated the well known New York drug store chain of same name.

14. Following Cuti's termination, information came to Duane Reade's attention indicating that, over a period of at least five years, Cuti had engaged in two fraudulent schemes to inflate Duane Reade's reported income. On May 22, 2007, after independent outside counsel had been retained to investigate these matters and reported to the Company's Audit Committee on their findings, representatives of Duane Reade met with representatives of the United States Attorney for the Southern District of New York and the SEC to discuss those findings. The United States Attorney's office and the SEC promptly began an investigation (the "Government Investigation") into the information presented by Duane Reade regarding Cuti's conduct.

15. On or about June 4, 2007, pursuant to the terms of Cuti's March 16, 2004 Amended and Restated Employment Agreement (the "Employment Agreement"), which was in effect at the time of his termination, and applicable (*i.e.,* Delaware) law, Cuti demanded that Duane Reade advance him the legal fees and expenses he incurred in connection with his defense of the Government Investigation. As required by paragraph 25 of the Employment Agreement and Delaware law, Cuti provided Duane Reade with an undertaking dated June 2, 2007, in which he agreed to repay to Duane Reade "all amounts advanced by Duane Reade to me pursuant to my demand for such advancement to the extent that it shall be determined ultimately that I am not entitled to such indemnification." (Freedman Decl. Ex. 3.) Duane Reade proceeded to advance over $20 million[1] to Cuti for his legal fees and expenses incurred in connection with the Government Investigation and subsequent criminal and civil proceedings over the next eight years.

16. On October 8, 2008, a federal grand jury sitting in the Southern District of New York indicted Cuti for conspiracy, securities fraud and three counts of making false statements to the SEC. On the same day, the SEC commenced the SEC Action, asserting a number of claims against Cuti for violation of the federal securities laws.

17. On June 8, 2010, after an eight-week trial, a jury found Cuti guilty on all counts charged in the indictment. Thereafter, he was sentenced to a term of imprisonment of 36 months, to be followed by three years supervised release, and a $5 million fine. The United States Court of Appeals for the Second Circuit affirmed Cuti's conviction on June 26, 2013, and the United States Supreme Court denied *certiorari* on October 20, 2014.

---

[1] Duane Reade's Directors and Officers liability carrier reimbursed a portion of the advances, which amount is not included in the Repayment Award.

18.     The SEC Action concluded on January 2, 2012, with the entry of a consent judgment that, among other things, bars Cuti from serving as an officer or director of a public company.

### The Arbitration

19.     The Employment Agreement provides that any controversy or claim arising out of or in relation to the Employment Agreement would be settled by arbitration conducted "under the auspices of the American Arbitration Association ("AAA") in New York, New York in accordance with the National Rules for the Resolution of Employment Disputes of the AAA." (Freedman Decl. Ex. 4 § 19.)

20.     On September 1, 2006, Cuti commenced the Arbitration by filing his Demand for Arbitration and Statement of Claim (the "Demand") with the AAA. The Demand alleged that Duane Reade had breached the Employment Agreement in a number of ways and sought various declaratory relief concerning alleged entitlement to a "profits interest" in Duane Reade, ownership of certain patent rights and the non-competition and non-solicitation clauses in the Employment Agreement.

21.     Duane Reade filed an Answer to Demand on October 4, 2006, denying all of Cuti's claims. On November 22, 2006, Duane Reade filed Counterclaims by Respondents (the "Counterclaims"), based on preliminary findings from the independent investigation of one of Cuti's fraudulent schemes, which had come to Duane Reade's attention at that time.

22.     The parties consented to the appointment of Jacquelin F. Drucker, Esq., as the arbitrator of their dispute, and the AAA confirmed her appointment as Arbitrator on February 21, 2007.

23. On March 16, 2007, Cuti requested leave to file, and submitted, his proposed First Amended Demand for Arbitration and Statement of Claim (the "First Amended Demand"), which added a claim for defamation.

24. On April 4, 2007, Petitioners requested leave to file, and submitted, their proposed First Amended Counterclaims and Affirmative Defenses by Respondents (the "First Amended Counterclaims"), which added allegations concerning Cuti's second fraudulent scheme, which had come to Duane Reade's attention since the filing of the initial Counterclaims; a claim for breach of Cuti's Employment Agreement; and allegations clarifying that Duane Reade's counterclaims also operated as affirmative defenses to Cuti's claims.

25. On May 17, 2007, the Arbitrator issued an order that, among other things, granted both motions to amend and accepted for filing Cuti's First Amended Demand and Duane Reade's First Amended Counterclaims.

26. On May 25, 2007, upon initiating the Government Investigation, the United States Attorney wrote the Arbitrator, requesting a stay of the Arbitration. On July 11, 2007, the Arbitrator issued an Order granting the requested stay for a limited period. The Arbitrator renewed and extended the stay periodically over the next seven years.

27. By Order dated November 10, 2014, following the Supreme Court's denial of Cuti's petition for *certiorari* and the conclusion of the criminal proceedings (aside from ongoing restitution proceedings), the Arbitrator lifted the stay of the Arbitration and directed the parties to submit any petitions to amend their pleadings by January 30, 2015, subsequently adjourned to February 10, 2015, at Cuti's request.

28. On February 10, 2015, Cuti filed his proposed Second Amended Demand for Arbitration and Statement of Claim (the "Second Amended Demand"), and Petitioners filed their proposed Second Amended Counterclaims of Respondents (the "Second Amended

7

Counterclaims"), asserting, in addition to counterclaims previously asserted, new counterclaims for repayment of the legal fees and expenses advanced to Cuti (Fourth Counterclaim) and for a declaration that they are not obligated to advance any additional fees and expenses to Cuti (Fifth Counterclaim). (*See* Freedman Decl. Ex. 5 ¶¶ 78-87.) By Order dated February 20, 2015, the Arbitrator granted the parties' petitions to amend their pleadings and accepted for filing the Second Amended Demand and the Second Amended Counterclaims.

29.   On April 24, 2015, Duane Reade filed a Motion for Judgment as a Matter of Law (the "Motion"), requesting that the Arbitrator dismiss all of Cuti's claims and grant all of Duane Reade's Counterclaims, including the Fourth and Fifth Counterclaims, based primarily on the collateral estoppel effect of the judgment against Cuti in the Criminal Case. Thereafter, in June 2015, believing they were no longer required to make advances because Cuti's criminal conviction had become final, Petitioners stopped paying advances. At or about the same time, Cuti sought a ruling from the Arbitrator that Duane Reade must continue to advance his legal fees and expenses.

30.   After voluminous briefing and submissions by the parties, the Arbitrator heard a day-long oral argument on July 22, 2015. Both before and after that argument, the parties made additional submissions to the Arbitrator on the issue of advancement.

31.   The Arbitrator issued her decision on the Motion, entitled "Order Regarding Collateral Estoppel, Counterclaims, and Indemnification and Advancement," on December 9, 2015. In that Order, the Arbitrator ruled, among other things, that Cuti's criminal conviction, which had become final, precluded him from contesting that repayment was required by his prior undertaking to repay to Duane Reade "all amounts advanced by Duane Reade to me pursuant to my demand for such advancement to the extent that it shall be determined ultimately that I am not entitled to such indemnification," in view of the Delaware statute limiting indemnification to

persons who "acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation, and with respect to any criminal action or proceeding, had no reasonable cause to believe the person's conduct was unlawful." (Freedman Ex. 2 at 12-13, quoting DGCL 145(a).) On that basis, the Arbitrator ordered that: "Respondents [*i.e.*, Duane Reade] are released from any obligations under the Employment Agreement to provide Claimant [*i.e.*, Cuti] with indemnification and advancement of attorney fees and expenses. Advancements made in the criminal proceeding and the SEC proceeding are to be repaid." (Freedman Decl. Ex. 2 at 15.)

32. Notwithstanding the Arbitrator's Order, Cuti refused to repay the amounts advanced by Duane Reade, and Duane Reade therefore requested that the Arbitrator issue a further Order specifying the amount due Duane Reade and requiring immediate payment. The parties made further submissions to the Arbitrator on the issue of repayment of the Government Defense Advances, and Duane Reade submitted voluminous documentary material to establish the quantum of Government Defense Advances Cuti is obligated to repay.

33. The Arbitrator issued the Repayment Award on May 23, 2016, providing that: "Claimant [*i.e.*, Cuti] must repay the sums advanced pursuant to Paragraph 25, and that Respondents are awarded the sum stated in the following paragraph" – $8,251,783.98 – "which constitutes the amount owed by Claimant in repayment of advancements." (Freedman Decl. Ex. 1 at 9.)

### The Repayment Award Is Ripe for Confirmation

34. The Repayment Award: (1) determined that Cuti is liable for repayment of these advances; (2) determined the $8,251,783.98 amount that Cuti must repay; and (3) ordered him to repay that amount. Although the Arbitrator captioned the Repayment Award an interim award, it is ripe for confirmation. The Repayment Award finally and completely resolved Duane Reade's

counterclaim for repayment of the Government Defense Advances, a claim that is separate and independent of the other claims and counterclaims in the still-pending Arbitration, leaving nothing more to be decided in the Arbitration on that subject and without affecting future decisions of the Arbitrator. Indeed, the Arbitrator recognized the independence of the Repayment Award by directing immediate repayment and rejecting Cuti's argument that she should not issue an award because he might be entitled to a setoff if any of his claims is granted in later proceedings, stating: "While [Cuti] ultimately may recover on a claim or claims in this proceeding, the Arbitrator finds that there is no contractual or legal basis shown for an offset against [the advancement] repayment requirements of the contract, applicable law, and the undertaking itself." (Freedman Decl. Ex. 1 at 6.)

35. Accordingly, this Court should confirm the Repayment Award. *See, e.g., Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986) (affirming confirmation of award for freight charges where other unrelated claims remained unresolved in the arbitration); *Ecopetrol S.A. v. Offshore Expl. & Prod'n LLC*, 46 F. Supp. 3d 327, 337-39 (2014) (interim awards ripe for confirmation where nothing remained to be decided on their subject and they fully resolved the rights and obligations of the parties without affecting future decisions of the panel), *aff'd sub nom. Offshore Expl. & Prod'n LLC v. Morgan Stanley Private Bank, N.A.*, 626 F. App'x 303 (2d Cir. 2015).

36. The Repayment Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11. Petitioners have brought this petition within one year of the May 23, 2016 date of the Repayment Award.

37. Accordingly, Petitioners now seek this Court's confirmation of the Repayment Award.

WHEREFORE, the Duane Reade Petitioners respectfully request that the Court issue an order: (a) confirming the Repayment Award; (b) directing that judgment be entered upon the Repayment Award; and (c) granting such other and further relief as the Court deems just and proper.

Dated: June 16, 2016
      New York, New York

                PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                /s/ John F. Baughman
                John F. Baughman
                1285 Avenue of the Americas
                New York, NY 10019-6064
                Phone: (212) 373-3021
                Fax: (212) 492-0021
                jbaughman@paulweiss.com

                *Attorneys for Petitioners*